## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## <u>AUSTIN DIVISION</u>

|  |  |
|---|---|
| NORTH ATLANTIC IMPORTS, LLC, | ) |
| Plaintiff, | ) ) Civil Action No. 1:23-cv-1165 |
| vs. | ) ) **JURY TRIAL DEMANDED** |
| OONI, INC. and OONI LTD., | ) |
| Defendants. | ) |

## <u>COMPLAINT</u>

Plaintiff North Atlantic Imports, LLC d/b/a Blackstone ("Blackstone"), for its Complaint for Patent Infringement against Ooni, Inc. and Ooni Ltd. (collectively, "Ooni" or "Defendants") alleges as follows:

## <u>NATURE OF THE ACTION</u>

1.      This is a civil action for infringement of U.S. Patent No. 11,684,212 (the "'212 patent" or the "patent-in-suit") arising under the United States Patent Laws, Title 35, United States Code § 100, *et seq.*, and in particular under § 271. Blackstone seeks injunctive relief, attorneys' fees, and any other relief the Court deems just and proper.

2.      This action arises out of Ooni's making, using, selling, offering to sell, and/or importing portable pizza ovens (the "Accused Products") that infringe the patent-in-suit owned by Blackstone.

## <u>THE PARTIES</u>

3.      Plaintiff North Atlantic Imports, LLC d/b/a Blackstone is a limited liability company organized and existing under the laws of the State of Utah, having a principal place of business at 1073 West 1700 North, Logan, Utah 84321.

4.      Defendant Ooni, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 979 Springdale Road, #110, Austin, Texas 78702.

5.      Defendant Ooni Ltd. is a corporation organized and existing under the laws of the United Kingdom, having a principal place of business at Bishopsgate Business Park, 189 West Main Street, Broxburn, EH52 5LH.

6.      Upon information and belief, Ooni, Inc. is a subsidiary of Ooni Ltd.

7.      Ooni, Inc. and Ooni Ltd. are in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing the Accused Products throughout the United States, including the State of Texas and this Judicial District.

**JURISDICTION AND VENUE**

8.      This is a civil action for infringement arising under the United States Patent Laws, including 35 U.S.C. § 271.

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a).

10.      This Court has personal jurisdiction over Defendants at least because, through a respective Defendant's own acts and/or through the acts of each other Defendant acting as its agent, representative, or alter ego, they (1) have a presence or regular and established place of business in the State of Texas and this Judicial District; (ii) have purposely availed themselves of the rights and benefits of the laws of the State of Texas and this Judicial District; (iii) have done and are doing substantial business in the State of Texas and this Judicial District, directly or through intermediaries, both generally and, on information and belief, with respect to the allegations in this Complaint, including their one or more acts of infringement in the State of Texas and this Judicial District; (iv) maintain continuous and systematic contacts in the State of Texas and this Judicial District; and/or (v) place products alleged to be infringing in this Complaint in the stream of

commerce, directly or through intermediaries, with awareness that those products are likely destined for use, offer for sale, sale, and/or importation in the State of Texas and this Judicial District.

11.     For example, Defendants have authorized retailers and distributors in the State of Texas and this Judicial District for the products alleged to be infringing in this Complaint, and Defendants have derived substantial revenues from their infringing acts occurring within the State of Texas and this Judicial District.

12.     Defendants have established sufficient minimum contacts with the State of Texas and this Judicial District such that they should reasonably and fairly anticipate being brought into court in the State of Texas and this Judicial District without offending traditional notions of fair play and substantial justice; and Defendants have purposefully directed activities at residents of the State of Texas and this Judicial District. Moreover, the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities. On information and belief, a substantial part of the events giving rise to Plaintiff's claims, including acts of patent infringement, have occurred in the State of Texas and this Judicial District.

13.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b) including, because, Ooni Inc. has a regular and established place of business in this District, as identified above in paragraph 4, and both Defendants have committed acts of infringement in this District.

## FACTUAL BACKGROUND

### Blackstone Background

14.     Blackstone was founded in 2008 with the stated intention to expand outdoor cooking beyond grills, and enables people to cook everything outside. Blackstone's products are

sold in the United States and available, for example, at www.blackstoneproducts.com and in

retail stores throughout the United States.

15.    Since its founding, Blackstone has developed a passionate customer base, with

over 250,000 followers on Instagram who post thousands of photos using Blackstone's products.

16.    Blackstone's current outdoor cooking products including pizza ovens, griddles,

outdoor kitchen furniture, and cooking accessories. All of Blackstone's products are designed

and engineered in the United States.

17.    As part of its product development, Blackstone has invented pizza ovens for

outdoor cooking, including pizza ovens with a main body, a heat shield, and a heat element

positioned to heat the bottom and upper surface of the baking chamber as illustrated, for example,

below:



**Patent-in-Suit**

18.    On June 27, 2023, the United States Patent and Trademark Office (the "USPTO")

duly and lawfully issued U.S. Patent No. 11,684,212, entitled System, Device, and Method for

Baking a Food Product and naming Roger Dahle, Derrick Longson, Wayne B. Hardy, and Deno

R. Blau as inventors. A true and correct copy of the '212 patent is attached as Exhibit A.

19.     Blackstone owns all rights, title, and interest in the '212 patent, including all rights

to make, use, sell, offer for sale, and import products that practice the claims of the patent-in-suit.

Blackstone also owns the right to enforce and prosecute actions for infringement and to collect

damages against infringers of the patent-in- suit. Blackstone possesses the exclusive right and

standing to prosecute actions for infringement of the patent-in-suit. Defendants have no license or

authorization to practice the technology of the patents-in-suit.

20.     The '212 patent has 25 claims: 3 independent claims and 22 dependent claims.

21.     The claims of the '212 patent, including claim 1 (reproduced below), recite at least

the inventive concepts of the '212 patent.

> 1. A baking oven for baking a food product, comprising:
> a main body including one or more walls extending to define a front
>     wall portion, a rear wall portion, a first wall portion, a second wall
>     portion and an upper wall portion of the main body, the front wall
>     portion defining a front access opening to a baking chamber within
>     the main body;
> a heat shield extending to define an upper portion and a side wall, the
>     side wall extending downward from the upper portion so that the
>     side wall extends continuously to define a first side heat shield
>     portion, a rear side heat shield portion and a second side heat shield
>     portion so as to extend continuously along and generally correspond
>     with the first wall portion, the rear wall portion and the second wall
>     portion, respectively, of the main body so as to define a spaced gap
>     therebetween, the heat shield at least partially defining the baking
>     chamber and positioned with the spaced gap so that the heat shield
>     acts as a barrier between the baking chamber and the main body to
>     minimize a temperature of an external surface of the main body;
> a first structure and a second structure at least partially defining a bottom
>     surface and an upper surface of the baking chamber, respectively,
>     the first structure configured to receive the food product thereon and
>     the second structure extending above the first structure and
>     extending separately from the upper wall portion of the main body
>     such that the spaced gap between the heat shield and the main body
>     continues between the second structure and the upper wall portion
>     of the main body; and
> a heat element disposed within the main body, the heat element
>     configured to be positioned to emanate heat into the baking chamber
>     to heat the first structure and the second structure, the second

structure cooperating with the heat shield to radiate heat toward the
first structure.

(Exhibit A, '212 patent at claim 1).

**Ooni Background and Accused Products**

22.     Ooni was founded in 2012 as a Kickstarter campaign and sells portable pizza ovens

and accessories.

23.     Ooni is, and has been engaged in, manufacturing and/or having manufactures,

selling, and/or offering for sale within the United States, using in the United States, and/or

importing into the United States portable pizza ovens covered by one or more claims of the patent-

in-suit, the Accused Products.

24.     Non-limiting examples of the infringing portable pizza ovens manufactured, sold,

offered for sale, used, and/or imported by or for Ooni includes the Koda 16, Koda 12, Karu 16,

Karu 12, and Karu 12G. Each of these portable pizza ovens has been sold and/or used within this

Judicial District, without limitation, through the website, https://ooni.com, and through authorized

dealers listed on the website https://ooni.com/pages/store-locator.

25.     Ooni maintains distribution channels within the United States that permit Ooni to

ship the Accused Products, including those specifically identified in this Complaint, to the State

of Texas and this Judicial District.

**Ooni's Knowledge of Infringement**

26.     Once the patent-in-suit issued, Blackstone has marked its website with U.S. Patent

No. 11,684,212 at https://blackstoneproducts.com/pages/patents, also available at

https://blackstoneproducts.com/patents.

27.     Additionally, since the patent-in-suit issued, Blackstone has provided notice to the public of the patent-in-suit by printing the link https://blackstoneproducts.com/patents on its pizza oven product packaging and materials that accompany its pizza ovens since at least 2023.

28.     Since at latest as early as the filing of this action, Ooni has been aware of the unjustifiably high risk that its actions constituted and continue to constitute infringement of the '212 Patent.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 11,684,212

29.     The allegations of each of the foregoing paragraphs are incorporated by reference as though fully set forth herein.

30.     The '212 patent is valid and enforceable.

31.     Upon information and belief, Ooni has made, used, offered for sale, sold, and/or imported products, including within this Judicial District, including at least the Accused Products, that infringe, either literally or under the doctrine of equivalents, one or more claims of the '212 patent in violation 35 U.S.C. § 271(a), including claims 1.

32.     On information and belief, Ooni will continue to infringe the '212 patent unless and until it is enjoined by this Court. Ooni, by way of its infringing activities, has caused and continue to cause Blackstone to suffer damages in an amount to be determined, and have caused and are causing Blackstone irreparable harm. Blackstone has no adequate remedy at law against Ooni's acts of infringement and, unless Ooni is enjoined from its infringement of the '212 patent, Blackstone will continue to suffer irreparable harm.

33.     Blackstone is entitled to recover from Ooni damages at least in an amount adequate to compensate for its infringement of the '212 patent, which amount has yet to be determined, together with interest and costs fixed by the Court.

## REQUEST FOR RELIEF

WHEREFORE, NAI respectfully requests the following relief:

A.      A judgment on the Complaint in favor of Blackstone and against Ooni;

B.      a judgment that Ooni has infringed one or more claims of the '212 patent;

C.      a judgment that Ooni's infringement has been willful;

D.      the issuance of an injunction under 35 U.S.C. § 283, enjoining Ooni, its officers, agents, servants, employees, licensees, representatives, attorneys, and all other persons acting or attempting to act in concert with it, from further acts of infringement of the patent-in-suit;

E.      the entry of a judgment for money damages sustained as a result of Ooni's infringement of the Patents-in-Suit in an amount to be determined at trial provided under 35 U.S.C. § 284;

F.      an accounting for infringing sales not presented at trial and an aware by the Court of additional damages for any such infringing sales;

G.      an award of pre-judgment and post-judgment interest on the damages caused by Ooni's infringing activities and other conduct complained of herein;

H.      a finding that this is an exceptional case under 35 U.S.C. § 285;

I.      an award of reasonable attorneys' fees and costs incurred in connection with this action; and

J.      an award of any such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Blackstone hereby requests trial by jury under Rule 38 of the Federal Rules of Civil

Procedure on all issues in this action so triable.


Dated: September 25, 2023                    Respectfully submitted,

                                             */s/ R. F. Johnson III*
                                             Robert F. Johnson III (TX Bar No. 10786400)
                                             rjohnson@foley.com
                                             600 Congress Avenue, Suite 3000
                                             Austin, Texas 78701
                                             Phone: 512-542-7000
                                             Fax: 512-542-7100

                                             David J. Jordan (*pro hac vice* to be filed)
                                             djordan@foley.com
                                             David R. Wright (*pro hac vice* to be filed)
                                             drwright@foley.com
                                             Jared J. Braithwaite (*pro hac vice* to be filed)
                                             jbraithwaite@foley.com
                                             Wesley F. Harward (*pro hac vice* to be filed)
                                             wharward@foley.com
                                             Alexis K. Juergens  (*pro hac vice* to be filed)
                                             ajuergens@foley.com
                                             95 South State Street
                                             Suite 2500
                                             Salt Lake City, UT 84111
                                             Phone: 801-401-8900
                                             Fax: 385-799-7576


                                             *Attorneys for Plaintiff North Atlantic Imports,*
                                             *LLC d/b/a Blackstone*