IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| NORTH ATLANTIC IMPORTS, LLC | § | |
|---|---|---|
| | § | |
| *Plaintiff*, | § | |
| | § | Cause No. 1:23-cv-1165-DII |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| OONI INC. AND OONI LTD, | § | |
| | § | |
| *Defendants*. | § | |

**[PROPOSED] AGREED SCHEDULING ORDER**

| Item | Deadline |
|---|---|
| Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before this date. | March 28, 2024 |
| The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before this date. | Nov. 15, 2024 |
| Plaintiff serves preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e. the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit.[1] | March 15, 2024 |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material. Any amendment by plaintiff to add asserted patent claims requires leave of court so that the Court can address scheduling issues.

| | |
|---|---|
| Defendant shall serve preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). | May 31, 2024 |
| Parties shall exchange claim terms for construction on or before this date. | June 13, 2024 |
| Parties shall exchange proposed claim constructions on or before this date. | July 2, 2024 |
| Parties disclose extrinsic evidence relevant to claim construction on or before this date. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. | July 31, 2024 |
| Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. | July 24, 2024 |
| Defendant shall file by this date an Opening claim construction brief, including any arguments that any claim terms are not indefinite. | Aug. 28, 2024 |
| Plaintiff shall file by this date a Responsive claim construction brief. | Oct. 2, 2024 |
| Defendant shall file by this date a Reply claim construction brief.<br><br>Parties to jointly email the law clerks to confirm their *Markman* date. Parties to jointly email the Court's law clerk if any venue or jurisdictional motions remain unripe for resolution. | Oct. 16, 2024 |
| Plaintiff shall file by this date a Sur-Reply claim construction brief. | Nov. 14, 2024 |
| Parties submit Joint Claim Construction Statement. | Nov. 21, 2024 |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| | |
|---|---|
| Parties shall submit by this date optional technical tutorials to the Court and technical adviser (if appointed).[3] | Nov. 27, 2024 |
| **Markman Hearing** at 9:00 a.m. or as soon thereafter as the Court may accommodate. **This date is a placeholder and the Court may adjust this date as the Markman hearing approaches.** | Dec. 11, 2024 |
| Fact Discovery opens. [4]  Prior to this date, discovery is limited to written interrogatories, requests for admissions, and certain requests for documents as outlined in the parties' Joint Rule 26(f) Report and Discovery Plan. | Jan. 10, 2025 |
| A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before this date. This date is a place holder and will be reset when court issues claim construction order. | Jan. 30, 2024 |
| The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before this date. This date is a place holder and will be reset when court issues claim construction order. | Feb. 12, 2025 |
| Each party opposing claims for relief shall respond, in writing, to the written offer of settlement on or before this date. This date is a place holder and will be reset when court issues claim construction order. | Mar. 17. 2025 |
| Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. | Jan. 31, 2025 |
| Fact discovery closes | May 1, 2025 |
| Opening expert reports | May 15, 2023 |
| Rebuttal expert reports, including disclosure of final contentions regarding non-infringing alternatives | June 15, 2025 |
| Close of expert discovery | July 15, 2025 |
| Dispositive motion deadline | August 25, 2025 |

---

[3] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

[4] The Court will not require general search and production of email or other electronically stored information (ESI) related to email (such as metadata), absent a showing of good cause.

It is so ORDERED.

SIGNED on _____, 2024.

_____
HONORABLE JUDGE PRESIDING