# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NORTH ATLANTIC IMPORTS, LLC | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Cause No. 1:23-cv-1165-DII |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| OONI INC. AND OONI LTD, | § | |
| | § | |
| *Defendants*. | § | |

**[PROPOSED] AGREED SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16, the following Agreed Scheduling order is issued by the Court:

1.      A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before January 30, 2025.  This date may be changed by agreement of the parties to occur after the claim construction order issues.

2.      The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before February 12, 2025, and each opposing party shall respond, in writing, on or before March 17, 2025. These dates may be changed by agreement of the parties to occur after the report on alternative dispute resolution. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

3.      Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before March 28, 2024.

4.       The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before November 15, 2024.

1

5.      All parties bearing the burden of proof on an issue shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before May 15, 2025. Parties not bearing the burden of proof shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before June 15, 2025.

6.      An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, by August 25, 2025.

7.      The parties shall complete fact discovery on or before May 1, 2025. The parties shall complete expert discovery by July 15, 2025.

8.      All dispositive motions shall be filed on or before August 25, 2025 and shall be limited to 20 pages. Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to 20 pages. Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

9.      The Court will set this case for final pretrial conference on October 24, 2025. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference. The parties shall not complete the following paragraph. It will be completed by the Court at the initial pretrial conference to be scheduled by the Court.

10.      This case is set for jury trial commencing at 9:30 a.m. on November 10, 2025. Jury selection may be conducted by a United States Magistrate Judge the Friday before the case is set

for trial. Given that (1) many cases resolve before trial and (2) the Austin Division has only one active district court judge, the Court may set a criminal case and several civil cases for the same trial week. The Court recognizes the inconvenience this may cause counsel and parties if a trial is moved shortly before the trial date, but the Court must balance that inconvenience with its need to effectively deploy limited judicial resources.

The parties may modify the deadlines in this Order by agreement, with the exception of the dispositive-motions deadline and the trial date. Those dates are firm. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order.

| Item | Deadline |
|---|---|
| Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before this date. | March 28, 2024 |
| The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before this date. | Nov. 15, 2024 |
| Plaintiff serves preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e. the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit.[1] | March 15, 2024 |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material. Any amendment by plaintiff to add asserted patent claims requires leave of court so that the Court can address scheduling issues.

| | |
|---|---|
| Defendant shall serve preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). | May 31, 2024 |
| Parties shall exchange claim terms for construction on or before this date. | June 13, 2024 |
| Parties shall exchange proposed claim constructions on or before this date. | July 2, 2024 |
| Parties disclose extrinsic evidence relevant to claim construction on or before this date. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. | July 31, 2024 |
| Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. | July 24, 2024 |
| Defendant shall file by this date an Opening claim construction brief, including any arguments that any claim terms are not indefinite. | Aug. 28, 2024 |
| Plaintiff shall file by this date a Responsive claim construction brief. | Oct. 2, 2024 |
| Defendant shall file by this date a Reply claim construction brief.<br><br>Parties to jointly email the law clerks to confirm their *Markman* date. Parties to jointly email the Court's law clerk if any venue or jurisdictional motions remain unripe for resolution. | Oct. 16, 2024 |
| Plaintiff shall file by this date a Sur-Reply claim construction brief. | Nov. 14, 2024 |
| Parties submit Joint Claim Construction Statement. | Nov. 21, 2024 |
| Parties shall submit by this date optional technical tutorials to the Court and technical adviser (if appointed). | Nov. 27, 2024 |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| | |
|---|---|
| **Markman Hearing** at 9:00 a.m. or as soon thereafter as the Court may accommodate. | Dec. 11, 2024 |
| Fact Discovery opens. [4]  Prior to this date, discovery is limited to written interrogatories, requests for admissions, and certain requests for documents as outlined in the parties' Joint Rule 26(f) Report and Discovery Plan. | Jan. 10, 2025 |
| A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before this date. | Jan. 30, 2025 |
| The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before this date. | Feb. 12, 2025 |
| Each party opposing claims for relief shall respond, in writing, to the written offer of settlement on or before this date. | Mar. 17. 2025 |
| Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. | Jan. 31, 2025 |
| Fact discovery closes | May 1, 2025 |
| Opening expert reports from parties bearing the burden of proof. | May 15, 2023 |
| Rebuttal expert reports, including disclosure of final contentions regarding non-infringing alternatives | June 15, 2025 |
| Close of expert discovery | July 15, 2025 |
| Dispositive motion deadline | August 25, 2025 |
| Final pretrial conference. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference. | October 24, 2025 |
| This case is set for trial commencing at 9:30 a.m. | November 10, 2025 |

It is so ORDERED.

---

[4] The Court will not require general search and production of email or other electronically stored information (ESI) related to email (such as metadata), absent a showing of good cause.

SIGNED on _____, 2024.


_____
HONORABLE JUDGE PRESIDING